UNITED STATES OF AMERICA
UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GEORGE CHRISTIAN GILBERT,

        Plaintiff,                        Case No. 1:08-cv-758

v.                                              Honorable Gordon J. Quist

BARBARA SAMPSON et al.,

        Defendants.

_____/

## **REPORT AND RECOMMENDATION**

        This is a civil rights action brought by a state prisoner pursuant to 42 U.S.C. §§ 1982, 1983. The Court has granted Plaintiff leave to proceed *in forma pauperis*, and Plaintiff has paid the initial partial filing fee. Under the Prison Litigation Reform Act, PUB. L. NO. 104-134, 110 STAT. 1321 (1996), the Court is required to dismiss any prisoner action brought under federal law if the complaint is frivolous, malicious, fails to state a claim upon which relief can be granted, or seeks monetary relief from a defendant immune from such relief. 28 U.S.C. §§ 1915(e)(2), 1915A; 42 U.S.C. § 1997e(c). The Court must read Plaintiff's *pro se* complaint indulgently, *see Haines v. Keener*, 404 U.S. 519, 520 (1972), and accept Plaintiff's allegations as true, unless they are clearly irrational or wholly incredible. *Denton v. Hernandez*, 504 U.S. 25, 33 (1992). Applying these standards, I recommend that Plaintiff's complaint be dismissed for failure to state a claim.

**Discussion**

I.  Factual allegations

Plaintiff presently is incarcerated at the Carson City Correctional Facility. After pleading guilty, Plaintiff was convicted in Kent County Circuit Court of second-degree criminal sexual conduct, in violation of MICH. COMP. LAWS § 750.520(c)(1)(a), as a habitual fourth offender under MICH. COMP. LAWS § 769.12. On December 13, 1999, the trial court sentenced him to nine to fifty years' imprisonment. (Compl. at 4.) Plaintiff's complaint concerns the denial of his parole by the Michigan Parole Board. In his *pro se* complaint, Plaintiff sues the following members of the Michigan Parole Board: Chairwoman Barbara Sampson, Miguel Berrios and Laurin Thomas.

The Michigan Parole Board must follow the parole guidelines promulgated by the Michigan Department of Corrections (MDOC). *See* MICH. COMP. LAWS § 791.233(e)(5). The parole board may depart from the parole guidelines by denying parole to a prisoner who scores under the guidelines as having a high probability of parole, but any such departure "shall be for a substantial and compelling reason stated in writing." *See* MICH. COMP. LAWS § 791.233(e)(6). The Michigan Parole Board denied Plaintiff's parole on May 15, 2008. In the Michigan Department of Corrections' (MDOC) Parole Board Notice of Decision (Notice of Decision), the parole board scored Plaintiff as having a high probability of parole. (Ex. D to Pl.'s Compl.) The parole board, however, did not provide any substantial or compelling reasons for denying Plaintiff's parole in its May 15, 2008 Notice of Decision. (*Id.*)

On June 6, 2008, however, Defendants completed a Case Summary Report regarding Plaintiff's parole. (Ex. C to Pl.'s Compl.) In the Case Summary Report, the parole board listed the following substantial and compelling reasons for denying Plaintiff's parole: "During PBI [Parole

Board Interview] P[laintiff] minimized his sexually deviant behavior and expressed little concern for harm caused to victim. During SO [Sex Offender Programming] P[laintiff] demonstrated little insight into his behavior as evidence by his blaming the V[ictim] for the abuse as she enjoyed it." (*Id*.) Plaintiff will be reconsidered for parole on February 13, 2010. (Ex. D to Pl.'s Compl.)

First, Plaintiff argues that Defendants violated his due process rights by failing to provide substantial and compelling reasons in his Notice of Decision to depart from the parole guidelines when denying his parole after he received a high probability of parole score. (Compl. at 9.) Second, Plaintiff alleges that Defendants violated his due process rights for failing to discuss specific therapy issues with him during his parole interview. (*Id*. at 18.) Plaintiff explained that his Sex Offender Programming (SOP) report did not contain certain negative information, which was referenced in the June 2008 Case Summary Report. (*Id*. at 18-21.) Third, Plaintiff states that Defendants violated his due process rights by failing to send a Notice of Intent to Plaintiff to conduct a second parole eligibility interview. (*Id*. at 23.) Plaintiff argues that Defendants essentially conducted a second parole eligibility review, in the absence of Plaintiff, by preparing the Case Summary Report after Defendants' finalized and mailed his Notice of Decision in May 2008. (*Id*. at 25.) Finally, Plaintiff argues the parole board failed to conduct a second parole hearing with Plaintiff in violation of the Due Process Clause. (*Id*. at 27.)

Plaintiff seeks declaratory and injunctive relief. (*Id*. at 32.)

II.     Failure to state a claim

A complaint fails to state a claim upon which relief can be granted when it is clear that no relief could be granted under any set of facts that could be proved consistent with the allegations of the complaint. *Jones v. City of Carlisle*, 3 F.3d 945, 947 (6th Cir. 1993). To state a

claim under 42 U.S.C. § 1983, a plaintiff must allege the violation of a right secured by the federal Constitution or laws and must show that the deprivation was committed by a person acting under color of state law. *West v. Atkins*, 487 U.S. 42, 48 (1988); *Street v. Corr. Corp. of Am.*, 102 F.3d 810, 814 (6th Cir. 1996). Because § 1983 is a method for vindicating federal rights, not a source of substantive rights itself, the first step in an action under § 1983 is to identify the specific constitutional right allegedly infringed. *Albright v. Oliver*, 510 U.S. 266, 271 (1994).

Plaintiff asserts several claims that Defendants violated his due process rights. To establish a procedural due process violation, a petitioner must prove that (1) he was deprived of a protected liberty or property interest, and (2) such deprivation occurred without the requisite due process of law. *Club Italia Soccer & Sports Org., Inc. v. Charter Twp. of Shelby*, 470 F.3d 286, 296 (6th Cir.2006); *see also Swihart v. Wilkinson,* 209 F. App'x 456, 458 (6th Cir. 2006). Plaintiff fails to raise a claim of constitutional magnitude because he has no liberty interest in being released on parole. There is no constitutional or inherent right to be conditionally released before the expiration of a prison sentence. *Greenholtz v. Inmates of Neb. Penal & Corr. Complex*, 442 U.S. 1, 7 (1979). Although a state may establish a parole system, it has no duty to do so; thus, the presence of a parole system by itself does not give rise to a constitutionally-protected liberty interest in parole release. *Id.* at 7, 11; *Bd. of Pardons v. Allen*, 482 U.S. 369, 373 (1987). Rather, a liberty interest is present only if state law entitles an inmate to release on parole. *Inmates of Orient Corr. Inst. v. Ohio State Adult Parole Auth.*, 929 F.2d 233, 235 (6th Cir. 1991).

In *Sweeton v. Brown*, 27 F.3d 1162, 1164-165 (6th Cir. 1994) (en banc), the Sixth Circuit, noting "the broad powers of the Michigan authorities to deny parole," held that the Michigan system does not create a liberty interest in parole. Subsequent to its 1994 decision, the

Sixth Circuit has recognized the continuing validity of *Sweeton* and has continued to find that Michigan's parole scheme creates no liberty interest in being released on parole. *See Ward v. Stegall*, 93 F. App'x 805, 806 (6th Cir. 2004); *Martin v. Ohio Adult Parole Auth.*, 83 F. App'x 114, 155 (6th Cir. 2003); *Bullock v. McGinnis*, 5 F. App'x 340, 342 (6th Cir. 2001); *Turnboe v. Stegall*, No. 00-1182, 2000 WL 1679478, at *1 (6th Cir. Nov. 1, 2000); *Hawkins v. Abramajtys*, No. 99-1995, 2000 WL 1434695, at *2 (6th Cir. Sept. 19, 2000); *Irvin v. Mich. Parole Bd.*, No. 99-1817, 2000 WL 800029, at *2 (6th Cir. June 14, 2000); *Clifton v. Gach*, No. 98-2239, 1999 WL 1253069, at *1 (6th Cir. Dec. 17, 1999).

Also, in unpublished decisions, the Sixth Circuit has held that particular parts of Michigan's statutory parole scheme do not create a liberty interest in parole. *See Fifer v. Mich. Dep't of Corr.*, No. 96-2322, 1997 WL 681518, at *1 (6th Cir. Oct. 30, 1997); *Moran v. McGinnis*, No. 95-1330, 1996 WL 304344, at *2 (6th Cir. June 5, 1996); *Leaphart v. Gach*, No. 95-1639, 1995 WL 734480, at *2 (6th Cir. Dec. 11, 1995); *Vertin v. Gabry*, No. 94-2267, 1995 WL 613692, at *1 (6th Cir. Oct. 18, 1995); *Neff v. Johnson*, No. 92-1818, 1993 WL 11880, at *1 (6th Cir. Jan. 21, 1993); *Janiskee v. Mich. Dep't of Corr.*, No. 91-1103, 1991 WL 76181, at *1 (6th Cir. May 9, 1991); *Haynes v. Hudson*, No. 89-2006, 1990 WL 41025, at *1 (6th Cir. Apr. 10, 1990). In addition, the Michigan Supreme Court has recognized that there exists no liberty interest in parole under the Michigan system. *Glover v. Mich. Parole Bd.*, 596 N.W.2d 598, 603-04 (Mich. 1999).

Furthermore, the Sixth Circuit has held that the presence of specific parole guidelines does not lead to the conclusion that parole release is mandated upon reaching a "high probability of parole." *Carnes v. Engler*, 76 F. App'x 79, 80 (6th Cir. 2003). As stated by the Supreme Court, a state's scheme may be specific or general in defining the factors to be considered by the parole

authority without necessarily mandating parole. *Greenholtz*, 442 U.S. at 7-8. At the time that *Sweeton* was decided, there were statutory factors to be considered by the parole board. *See Sweeton*, 27 F.3d at 1165 n.1 (noting that MICH. COMP. LAWS § 791.235 listed "a large number of factors to be taken into account by the board"). Although the current parole guidelines may be more detailed than the former statutory provision, they are still nothing more than factors that are considered by the board in assessing whether parole is appropriate. *Carnes*, 76 F. App'x at 80.

Until Plaintiff has served his fifty-year maximum sentence, he has no reasonable expectation of liberty. In the absence of a liberty interest, even an allegation of arbitrary or capricious denial of release on parole states no federal claim. *See Haynes*, 1990 WL 41025, at *1. The discretionary parole system in Michigan holds out "no more than a mere hope that the benefit will be obtained." *Greenholtz*, 442 U.S. at 11. Defendants failure to consider Plaintiff for parole, therefore, implicates no federal right. In the absence of a liberty interest, Plaintiff fails to state a claim for a violation of his procedural due process rights.

Plaintiff's related allegation that Defendants relied on false information from the SOP Report in their June 2008 Case Summary Report also fails to state a claim. (Compl. at 18-21.) Because Plaintiff has no liberty interest in being paroled, he cannot show that the false information was relied upon to a constitutionally-significant degree. *See Caldwell v. McNutt*, No. 04-2335, 2006 WL 45275, at *1 (6th Cir. Jan. 10, 2006) ("[E]ven if the Parole Board relied on inaccurate information to deny Caldwell parole, it did not violate any liberty interest protected by the United States Constitution."); *Echlin v. Boland*, No. 03-2309, 2004 WL 2203550, at *2 (6th Cir. Sept. 17, 2004) (prisoner could not bring a § 1983 action to challenge the information considered by the parole board because he has no liberty interest in parole); *see also Draughn v. Green*, No. 97-1263,

1999 WL 164915, at *2 (6th Cir. Mar. 12, 1999) (in order for the Due Process Clause to be implicated, false information in a prisoner's file must be relied on to a constitutionally significant degree); *Pukyrys v. Olson*, No. 95-1778, 1996 WL 636140, at *1 (6th Cir. Oct. 30, 1996) (no constitutional violation by having false information placed in a prison file); *Carson v. Little*, No. 88-1505, 1989 WL 40171, at *1 (6th Cir. Apr. 18, 1989) (inaccurate information in an inmate's file does not amount to a constitutional violation).  Therefore, Plaintiff fails to state a claim for a violation of his due process rights arising from the denial of his parole.

### Recommended Disposition

Having conducted the review now required by the Prison Litigation Reform Act, I recommend that Plaintiff's complaint be dismissed for failure to state a claim pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c).  Should this report and recommendation be adopted, the dismissal of this action will count as a strike for purposes of 28 U.S.C. § 1915(g).

I further recommend that the Court find no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3).  *See McGore v. Wrigglesworth*, 114 F.3d 601, 611 (6th Cir. 1997).


Dated:  December 3, 2008                    /s/ Hugh W. Brenneman, Jr.
                                            HUGH W. BRENNEMAN, JR.
                                            United States Magistrate Judge


### NOTICE TO PARTIES

Any objections to this Report and Recommendation must be filed and served within ten days of service of this notice on you.  28 U.S.C. § 636(b)(1)(C); FED. R. CIV. P. 72(b).  All objections and responses to objections are governed by W.D. Mich. LCivR 72.3(b).  Failure to file timely objections may constitute a waiver of any further right of appeal. *United States v. Walters*, 638 F.2d 947 (6th Cir. 1981); *see Thomas v. Arn*, 474 U.S. 140 (1985).