UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF MICHIGAN
SOUTHERN DIVISION

---

GEORGE CHRISTIAN GILBERT,

    Plaintiff,

v.                                                     Case No. 1:08-CV-758

BARBARA SAMPSON et al.,                   HON. GORDON J. QUIST

    Defendants.
_____/

## ORDER ADOPTING REPORT AND RECOMMENDATION

The Court has before it Plaintiff's Response to the report and recommendation dated December 3, 2008, in which Magistrate Judge Brenneman recommended that Plaintiff's complaint be dismissed pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997(e)(c) for failure to state a claim. In particular, the magistrate judge recommended that Plaintiff's complaint be dismissed because he has no liberty interest in parole under Michigan's parole system, and therefore he cannot claim a violation of his procedural due process rights. The magistrate judge likewise concluded that any claim that the parole board relied on false information would fail to state a claim because the lack of a liberty interest in parole under Michigan's system means that Plaintiff cannot show that false information was relied upon to a constitutionally-significant degree. After conducting a *de novo* review of the report and recommendation, the Court concludes that it should be adopted and Plaintiff's complaint be dismissed.

Plaintiff submits a lengthy response to the report and recommendation in which he asserts that the magistrate judge erred for a number of reasons. However, Plaintiff fails to cite any

persuasive reason or authority supporting a contrary conclusion that he has no liberty interest in parole under Michigan's parole scheme. Instead, Plaintiff cites various cases having no relevance to the issue raised in the report and recommendation. Plaintiff's reliance upon *Wilkinson v. Dotson*, 544 U.S. 74, 125 S. Ct. 1242 (2005), is misplaced. In *Wilkinson*, the Supreme Court held that a prisoner challenging the constitutionality of state parole procedures is not necessarily required to resort to federal habeas relief because Section 1983 remains available for procedural challenges where success on the claim would not necessarily result in immediate or speedier release for the prisoner. *See id.* at 76, 125 S. Ct. at 1245. *Wilkinson* did not address whether Michigan's parole system, or any other state's parole system, creates a liberty interest. Plaintiff's reliance upon *Wolff v. McDonnell*, 418 U.S. 539, 94 S. Ct. 2963 (1974), is misplaced for similar reasons.

Plaintiff in fact concedes that he has no liberty interest in being paroled, but he says that a liberty interest is irrelevant because he is not making a liberty interest argument. Instead, he asserts, he is challenging Defendants' improper practices during the parole interview that deprived him of due process. (Pl.'s Resp. at 8-9.) This argument fails because, as the magistrate judge noted, Plaintiff cannot maintain *any* due process claim unless he was deprived of a liberty interest, *see Swihart v. Wilkinson*, 209 F. App'x 456, 458 (6th Cir. 2006), and in this case Plaintiff had no liberty interest that could have been subjected to an unconstitutional deprivation. Therefore,

**IT IS HEREBY ORDERED** that the Report and Recommendation of the Magistrate Judge, filed December 3, 2008, is approved and adopted as the opinion of the Court. Plaintiff's claims under 42 U.S.C. § 1983 are dismissed with prejudice pursuant to 28 U.S.C. §§ 1915(e)(2) and 1915A(b), and 42 U.S.C. § 1997e(c). This dismissal counts as a strike for purposes of 28 U.S.C. § 1915(g).

**IT IS FURTHER ORDERED** that there is no good-faith basis for appeal within the meaning of 28 U.S.C. § 1915(a)(3). *See McGore v. Wrigglesworth*, 144 F.3d 601, 611 (6th Cir. 1997).

This case is **concluded**.


Dated: January 14, 2009         /s/ Gordon J. Quist
                         GORDON J. QUIST
                       UNITED STATES DISTRICT JUDGE